(November 16, 1901.)

## TAYLOR v. McCORMICK.

[66 Pac. 805.]

PRINTING TRANSCRIPT.—Rule 27 of the rules of this court must be complied with in the preparation and printing of the transcript.

PAPERS PRINTED IN TRANSCRIPT.—If papers are printed in the transcript that are not properly a part thereof, the appeal will not be dismissed for that reason, but the party inserting such papers will be required to pay the additional expense of printing the same.

SUMMONS AND RETURN.—The summons and return should be printed in the transcript only when error is assigned in regard to them.

FILING OF TRANSCRIPT.—Under said rule the transcript must be filed in the office of the clerk of this court within sixty days after the appeal is perfected, or some good cause shown why it was not, or on motion the appeal will be dismissed.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Samuel H. Hays, for Appellants, files no brief upon the points decided by court.

Hawley & Puckett, for Respondents, file no brief.

SULLIVAN, J.—This is a motion to dismiss this appeal, based on five grounds, to wit: 1. That the papers are not inserted in said transcript chronologically, as indicated by the date of the filing; 2. That the first paper in the transcript does not state the title of the court and cause in the court below; 3. That each ten lines of the transcript are not numbered as provided by rules of this court; 4. That the summons and return thereto are inserted in the transcript contrary to said rules; and 5. That the transcript was not filed in this court within sixty days after the appeal was perfected.

After a careful examination of the transcript, we find that the papers composing the transcript are not inserted therein in chronological order, as provided by paragraph 3 of rule 27 of the rules of this court (32 Pac. x ) ; neither does the first paper in said transcript state the title of the court and cause in the court below, as provided by said paragraph 3; and each ten lines of said transcript are not numbered in accordance with the provisions of said paragraph; and, although the transcript fails to comply with said rule in said three particulars, we are not inclined to dismiss this appeal on said grounds, as said violations are not of a character to obstruct the examination of this record.

The fourth point raised by said motion is not sufficient to warrant a dismissal of the appeal, as in some cases the summons becomes a part of the judgment-roll, and for that reason may be inserted in the transcript, when all of the defendants were served, and some of them failed to appear. It is also proper to insert the summons in the transcript when some error is assigned in regard to it or its service. It is suggested by counsel that all of the defendants served with summons did not appear and answer, and for that reason the summons and return are properly a part of the transcript, as they in that case become a part of the judgment-roll. However, the insertion of

a summons in a transcript, when it is not necessarily a part of it, is not ground for dismissal of the appeal, but the cost of printing the same will be adjudged to the party who unnecessarily made it a part of the transcript.

The fifth ground of said motion is that the transcript was not filed in the office of the clerk of this court within sixty days after the appeal was perfected. This appeal was perfected on the twenty-third day of March, 1901, and the transcript was not filed until the twenty-seventh day of May, 1901. Thus it was sixty-five days from the date the appeal was perfected to the date of filing the transcript. It has been made to appear to the court that the transcript was received by the clerk of this court on the twenty-seventh day of April, 1901, unaccompanied by the filing fee. The clerk on the twenty-ninth day of April notified counsel for appellants at Ogden, state of Utah, that the transcript had been received, and that the filing fee must be paid if he desired the transcript filed, and received no reply. On May 24th the clerk again notified said counsel that the filing fee had not been received, and received an answer from said counsel stating that no one was to blame but his client, as he had written him on several occasions to remit said filing fee. Thereafter, on the twenty-seventh day of May, 1901, the clerk received said fee, and filed the transcript on that day. On August 1, 1901, the clerk received the affidavit of said appellant, in which it is stated that the reason of the delay in sending said filing fee was caused by his attorney not notifying affiant in time, and sent the notice to him at Salt Lake City, instead of Bridge, Idaho. We conclude from the foregoing that no good reason is shown for the delay in having the transcript filed in time. The rules of the court must be complied with in filing the transcript, or some valid reason shown for noncompliance.

On the argument of the motion it was suggested that the court below did not have jurisdiction of this suit at the time this appeal was taken, for the reason that the remittitur on the former appeal had not been sent down. As the appeal must be dismissed, it is not necessary for us to decide that point.

The appeal is dismissed, with costs in favor of respondents.

Quarles, C. J., and Stockslager, J., concur.